NOTICE

Decision filed 07/23/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250403-U

NO. 5-25-0403

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| KELLEY TONEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Christian County. |
| | ) | |
| v. | ) | No. 24-MR-2 |
| | ) | |
| LATOYA HUGHES, NANCY JACOBY, | ) | |
| and JOSHUA McDANNALD,* | ) | Honorable |
| | ) | Bryan M. Kibler, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Sholar and Clarke concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in dismissing plaintiff's petition for *mandamus*. Defendants are correct that plaintiff is not entitled to additional sentencing credits, because the murder of which plaintiff was convicted occurred after June 19, 1998, which means that he is required to serve 100% of his sentence and cannot use the credits in question to reduce his term of imprisonment.

¶ 2    Plaintiff, Kelley Toney, appeals *pro se* the judgment of the circuit court of Christian County that dismissed his petition for *mandamus*, in which he requested additional sentence credit against his 30-year term of imprisonment for his conviction of the offense of first degree murder. For the reasons that follow, we affirm the judgment of the circuit court.

1

¶ 3                                    I. BACKGROUND

¶ 4      On January 18, 2024, plaintiff filed a *pro se* motion for leave to file a petition for *mandamus*, along with the proposed petition for *mandamus* (petition) and accompanying exhibits. In the petition, plaintiff stated that he was presently incarcerated at Taylorville Correctional Center, serving a 30-year term of imprisonment in the Illinois Department of Corrections (IDOC) after being convicted of first degree murder. As defendants to the action, plaintiff named Latoya Hughes (Director of IDOC), Richard Stepinski[1] (Warden of Taylorville Correctional Center), and Nancy Jacoby (Taylorville Correctional Center record office supervisor).

¶ 5      Plaintiff alleged that he was "being deprived of the statutorily mandated sentence credit award provided to inmates convicted of among other things first degree murder, from earning sentence credits for participating in various IDOC educational programs." He asked the circuit court to issue an order for *mandamus*, requiring defendants to "comply with the General Assembly's deletion of the prohibition against allowing inmate[s] who were convicted of first degree murder from earning sentence credits for their participation in various IDOC educational programs," and requiring defendants to "calculate and apply to Plaintiff's first degree murder sentence, earned sentence credits for program participation as set forth under Section 3-6-3(a)(4) [of the Unified Code of Corrections] since the effective date of 3-6-3 (a)(4.7), [January 1, 2018,] to the present." He claimed that if this were done, he would be eligible for immediate release from IDOC.

¶ 6      As exhibits to the petition, plaintiff filed (1) a letter to Stempinski and Jacoby in which plaintiff requested the aforementioned sentencing credit; (2) a response from Stempinski in which

_____

*Joshua McDannald is the current warden of Taylorville Correctional Center, where the plaintiff is incarcerated. McDannald should be substituted as the defendant in this action pursuant to section 2-1008(d) of the Code of Civil Procedure by operation of law. 735 ILCS 5/2-1008(d) (West 2024); see also *id.* § 14-107 (providing for naming of successor in office in *mandamus* action).

2

Stempinski stated that he had spoken with Jacoby, and that because plaintiff was "required to serve 100% of [his] sentence," and further because "the statute uses the word 'may,' " plaintiff would not "get any time" credited against his sentence; (3) plaintiff's IDOC assignment history with accompanying dates; and (4) plaintiff's order of commitment and sentence to IDOC, which showed that plaintiff was arrested on August 24, 1998, and was sentenced to a term of imprisonment of 30 years following his conviction.

¶ 7      On July 23, 2024, defendants filed a combined motion to dismiss the petition, pursuant to section 2-619.1 of the Code of Civil Procedure (Code). 735 ILCS 5/2-619.1 (West 2022). In the motion, which was accompanied by a memorandum of law, defendants contended that plaintiff was not entitled to *mandamus* relief because (1) the statute cited by plaintiff provided for the permissive, not mandatory, award of sentencing credit, (2) plaintiff was "required to serve [his] entire 30-year sentence," and (3) plaintiff did not file proof that he exhausted his administrative remedies prior to petitioning the circuit court for *mandamus* relief. Defendants asked the circuit court to dismiss the petition "with prejudice under § 2-619, or, alternatively, pursuant to § 2-615, without prejudice."

¶ 8      On August 12, 2024, plaintiff filed a response to defendants' motion to dismiss. A hearing on the motion to dismiss, and plaintiff's response, was held on May 6, 2025. Thereafter, the circuit court granted the motion to dismiss the petition, and this timely appeal followed.

¶ 9                                II. ANALYSIS

¶ 10     Section 2-619.1 of the Code allows for the filing of a combined motion that incorporates sections 2-615 and 2-619 of the Code. 735 ILCS 5/2-619.1 (West 2022). A motion to dismiss under section 2-615 attacks the legal sufficiency of the complaint by alleging defects on its face. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 578 (2006). A motion to dismiss

3

pursuant to section 2-619 admits the legal sufficiency of the complaint but raises certain affirmative defenses or defects outside of the complaint that defeat the claims. *Id.* at 579. Because Illinois is a fact-pleading jurisdiction, a plaintiff "is required to set forth a legally recognized claim and plead facts in support of each element that bring the claim within the cause of action alleged." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 434 (2007) (citing *Beahringer v. Page*, 204 Ill. 2d 363, 369 (2003)). We review *de novo* the circuit court's decision to grant a motion to dismiss pursuant to section 2-619.1. *Hampton v. Chicago Transit Authority*, 2018 IL App (1st) 172074, ¶ 19. We may affirm the dismissal of a petition for *mandamus* on any basis supported by the record. *Walker v. Monreal*, 2017 IL App (3d) 150055, ¶ 24.

¶ 11       " '*Mandamus* is an extraordinary remedy to enforce, as a matter of right, "the performance of official duties by a public officer where no exercise of discretion on his part is involved." [Citation.]' " *Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 18 (quoting *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999)). In order to show that he or she is entitled to a writ of *mandamus*, a plaintiff must establish " 'a clear right to relief, a clear duty of the public official to act, and a clear authority in the public official to comply with the writ.' " *Id.* (quoting *People ex rel. Madigan v. Snyder*, 208 Ill. 2d 457, 465 (2004)). The plaintiff must "set forth *every* material fact needed to demonstrate" these three elements. (Emphasis in original.) *Rodriguez*, 376 Ill. App. 3d at 433. For *mandamus* relief to be appropriate, there must also be no other adequate remedy available to the plaintiff. *Cordrey*, 2014 IL 117155, ¶ 18. Furthermore, *mandamus* "is improper if it substitutes the court's discretion or judgment for that of the official." *Id.*; see *People ex rel. Madigan v. Kinzer*, 232 Ill. 2d 179, 183-84 (2009).

¶ 12       In his *pro se* brief on appeal, plaintiff contends that the circuit court erred, because plaintiff is entitled to the sentencing credit he requests by statute, and by the decision of this court in the

case of *Sharp v. Baldwin*, 2020 IL App (2d) 181004. Defendants respond that the circuit court did not err, because (1) plaintiff did not establish a clear right to the *mandamus* relief requested, (2) the award of earned program sentence credit was discretionary, not mandatory, and (3) plaintiff did not demonstrate that he exhausted the administrative remedies available to him prior to filing the petition.

¶ 13    In support of their first contention, defendants ask this court to take judicial notice of the indictment issued in the criminal case underlying plaintiff's first degree murder conviction, which shows that the murder occurred on or about August 1, 1998, in Cook County. This court may take judicial notice of the record in another case involving the same party or of public documents contained in the record of any other judicial proceeding if doing so would aid us in deciding the instant appeal. See, *e.g.*, *In re Wilma T.*, 2018 IL App (3d) 170155, ¶ 14. Accordingly, we take judicial notice of the criminal indictment in question, and the fact that the murder of which plaintiff was convicted took place on or about August 1, 1998, in Cook County.

¶ 14    In light of the foregoing, defendants are correct that the statutory scheme in question prohibits plaintiff from receiving the sentencing credit he requested. "In 1973, section 3-6-3 of the Unified Code [of Corrections] barred inmates who were convicted of, among other things, first degree murder, from earning sentence credit for participating in various IDOC educational programs." *Sharp*, 2020 IL App (2d) 181004, ¶ 10. The prohibition was removed on January 1, 2018, the effective date of new legislation that permitted such sentence credit for credit earned after that date against a sentence of, among other offenses, first degree murder. *Id.* However, as defendants correctly note, the statute includes an additional requirement that must be satisfied before the credits may apply: the award of the credits may "not reduce the sentence of the

5

prisoner to less than *** 100% of his or her sentence if the prisoner is required to serve 100% of his or her sentence." 730 ILCS 5/3-6-3(a)(4.7)(iii) (West 2022).

¶ 15    Pursuant to subsection 3-6-3(a)(2), a prisoner serving a term of imprisonment for a first degree murder that was "committed on or after June 19, 1998[,] *** shall serve the entire sentence imposed by the court." *Id.* § 3-6-3(a)(2), (a)(2)(i). Because the first degree murder of which plaintiff was convicted occurred on or about August 1, 1998—which clearly is after June 19, 1998—plaintiff must serve 100% of the sentence imposed by the court. Plaintiff's order of commitment and sentence to IDOC, which he filed as an exhibit to the petition, shows that plaintiff was arrested on August 24, 1998, and was sentenced to a term of imprisonment of 30 years following his conviction. Accordingly, pursuant to the statutory scheme set forth above, plaintiff must serve his entire 30-year term, and cannot be awarded sentence credit that would reduce that term. Therefore, plaintiff is not able to show a clear right to the sentence credit he requested, and the circuit court did not err in dismissing the petition.

¶ 16                                III. CONCLUSION

¶ 17    For the foregoing reasons, the judgment of the circuit court of Christian County is affirmed.


¶ 18    Affirmed.